UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LESNETT, | No. 2:16-cv-1970-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| VERONICA SAN JOSE, | |
| Defendant. | |

On August 19, 2016, pro se defendant Veronica San Jose removed this unlawful detainer action from Solano County Superior Court, and moved to proceed in forma pauperis. ECF Nos. 1, 2. As explained below, the court REMANDS the case to the Solano County Superior Court and DENIES the motion to proceed in forma pauperis.

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A federal district court may remand a case *sua sponte* where a defendant has not established federal jurisdiction. *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). "If at any time

1

1 before final judgment it appears that the district court lacks subject matter jurisdiction, the case
2 shall be remanded." 28 U.S.C. § 1447(c).

3       Here, the court finds the case should be remanded to the Solano County Superior
4 Court.  The form complaint filed in the state court is for unlawful detainer only.  ECF No. 1.
5 Defendant grounds the removal on the court's federal question jurisdiction, arguing that "[f]ederal
6 question exists because [d]efendant's [d]emurrer, a pleading[,] depend [sic] on the determination
7 of [d]efendant's rights and [p]laintiff's duties under federal law." *Id.* at 2.  However, plaintiff is
8 the master of the complaint and may "avoid federal jurisdiction by pleading solely state-law
9 claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005).  A defendant cannot rely
10 on his answer or demurrer to provide the basis for determining federal question jurisdiction.  *See*
11 *Farmco Stores, Inc. v. Newmark*, 315 F. Supp. 396, 397 (E.D. Cal. 1970) (citing *Gully v. F. Nat'l*
12 *Bank*, 299 U.S. 109, 113 (1936)).

13       Accordingly, because plaintiff's unlawful detainer complaint does not provide a
14 basis for federal question jurisdiction, and defendant's demurrer cannot provide the basis for
15 removal jurisdiction here, this court cannot exercise subject matter jurisdiction over plaintiff's
16 single state-law claim for unlawful detainer.  This case is REMANDED to Solano County
17 Superior Court.

18       IT IS SO ORDERED.
19  DATED:  August 22, 2016

                              UNITED STATES DISTRICT JUDGE